# EXHIBIT A

Case 3:19-cv-10228-MAS-LHG Document 1-3 Filed 04/17/19 Page 2 of 17 PageID: 12
SOM-L -000044-18 02/18/2019 10:23:24 PM Pg 2 of 17 Trans ID: LCV2019301779

SOM-L-000044-18 01/11/2018 12:16:38 PM Pg 4 of 16 Trans ID: LCV201864466

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
Andrew M. Epstein (ID #238881967)
200 Campus Drive – 4th Floor
Florham Park, New Jersey 07932
Tel: 973-735-5766
Fax: 973-624-0808
Attorneys for Plaintiff

| | |
|---|---|
| DAN WERREMEYER, JR., <br><br> Plaintiff, <br><br> v. <br><br> SHINEWIDE SHOES, LTD., <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: SOMERSET COUNTY <br><br> DOCKET NO. <br><br> Civil Action <br><br> **COMPLAINT** |

Dan Werremeyer, Jr., having an address at 29 Polhemus Drive, Hillsborough, New Jersey, by way of complaint against Shinewide Shoes, LTD. (Shinewide), says:

### NATURE OF ACTION

1. In this action, plaintiff seeks damages based upon defendant's breach of an agreement to pay plaintiff commissions based on shipments of goods to Wolverine Worldwide (Wolverine).

### FACTUAL BASIS

2. On July 21, 2009 plaintiff entered into an agreement with defendant, a copy of which agreement is annexed hereto as Exhibit 1.

3. Under the agreement:

(a) Plaintiff would contact identified customers, one of which was Wolverine, on behalf of defendant;

2443260v.1

Case 3:19-cv-10228-MAS-LHG Document 1-3 Filed 04/17/19 Page 3 of 17 PageID: 13
SOM-L -000044-18 02/18/2019 10:23:24 PM Pg 3 of 17 Trans ID: LCV2019301779

SOM-L-000044-18 01/11/2018 12:16:38 PM Pg 5 of 16 Trans ID: LCV201864466

 (b) Defendant would pay plaintiff commissions of 3% based on shipments made by defendant to identified customers, including Wolverine;

 (c) The agreement would remain in effect for so long as defendant, or any affiliated company, remained a manufacturer and/or distributor of footwear products;

 (d) The agreement was to be interpreted and enforced under New Jersey law;

 (e) The parties consented to New Jersey having jurisdiction "with respect to any action or proceeding arising out of or relating to this agreement."

4.  After the agreement was made, defendant performed thereunder and paid plaintiff commissions on shipments made by defendant to customers contacted by plaintiff for defendant, including but not limited to Wolverine.

5.  In the fall of 2017 plaintiff learned that in 2016 and 2017 defendant had shipped, or was in the process of shipping, 2,700,000 pairs of shoes to Wolverine pursuant to orders Wolverine had placed with Shinewide.

6.  Based on an average sale price of $22.50/pair of shoes, plaintiff would be entitled to a commission of $1,822,500 on the aforesaid shipments.

7.  Plaintiff has demanded that defendant pay plaintiff said $1,822,500 commission. Exhibit 2 annexed.

8.  Defendant, in breach of its agreement with plaintiff, has failed and refused to pay plaintiff said commission.

9.  As a result of defendant's breach of its agreement with plaintiff, plaintiff has been damaged.

2

2443260v.1

Case 3:19-cv-10228-MAS-LHG Document 1-3 Filed 04/17/19 Page 4 of 17 PageID: 14
SOM-L -000044-18 02/18/2019 10:23:24 PM Pg 4 of 17 Trans ID: LCV2019301779

SOM-L-000044-18 01/11/2018 12:16:38 PM Pg 6 of 16 Trans ID: LCV201864466

## RELIEF REQUESTED

WHEREFORE, plaintiff demands judgment against defendant as follows:

A. Awarding plaintiff compensatory damages, including but not limited to the aforesaid $1,822,500 in unpaid commissions, and including all unpaid commissions as may come due during the pendency of this action, with interest;

B. Requiring defendant to account to plaintiff for all shipments made by defendant or any of its affiliated companies to Wolverine from 2016 through the conclusion of this action, and beyond through the duration of the agreement between plaintiff and defendant;

C. Awarding plaintiff such counsel fees and costs as may be permitted by law;

D. Granting for such other relief as may be just and proper.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
Attorneys for Plaintiff

Dated: January 9, 2018    By: _____
ANDREW M. EPSTEIN

### R. 4:5-1 CERTIFICATION

Pursuant to R. 4:5-1, the undersigned, upon information and belief, states:

1. The matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding.

2. No other action or arbitration proceeding is contemplated at this time.

3. No other parties should be joined in this action.

3

2443260v.1

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                          WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
                                          Attorneys for Plaintiff

Dated: January 9, 2018       By: _____
                                            ANDREW M. EPSTEIN

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, ANDREW M. EPSTEIN is hereby designated as trial counsel for the above cause.

                                          WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
                                            Attorneys for Plaintiff

Dated: January 9, 2018      By: _____
                                            ANDREW M. EPSTEIN

2443260v.1

SOM-L-000044-18  01/11/2018 12:16:38 PM  Pg 8 of 16 Trans ID: LCV201864466

# EX. 1

Case 3:19-cv-10228-MAS-LHG Document 1-3 Filed 04/17/19 Page 7 of 17 PageID: 17
SOM-L -000044-18 02/18/2019 10:23:24 PM Pg 7 of 17 Trans ID: LCV2019301779

SOM-L-000044-18 01/11/2018 12:16:38 PM Pg 9 of 16 Trans ID: LCV201864466

Dan Werremeyer Jr
29 Polhemus Dr
Hillsborough, NJ 08844

July 21st, 2009

Shinewide Shoes, LTD
4B1-B2 Tianxiang Bldg, Tianan Cyber
Park, Shenzhen City, China
Attn: Maureen Mou, General Manager

Reference: Sales representative agreement

Dear Maureen,

This letter will confirm our Agreement, whereby Shinewide Shoes, LTD. hereby designates Dan Werremeyer as VP of Sales (Representative) for select customers listed in attached Schedule A. In this connection, it is as follows:

1. Representative shall contact the customers listed on Schedule A on behalf of Shinewide Shoes, LTD. It is understood that, depending on the customer's wishes, the Representative may or may not be involved in the day to day communications with the customers and the customers may communicate directly with the factory. The identity of customers listed in "Schedule A" may be modified by agreement of both parties.

2. Shinewide Shoes, LTD shall pay Representative, or a company designated by Representative, commission (see attached Schedule B). Commissions will be paid each month based on shipments made by or on behalf of Shinewide Shoes, LTD during the prior month on account of sales made to any customer listed on Schedule A. Such payments will be made no more than fifteen (15) days after the last day of each preceding month.

3. In addition to all commissions set forth above and not as a draw against commissions, Shinewide Shoes, LTD shall pay Representative, or a company designated by Representative, a salary of USD $3,000 per month beginning 6/15/09 for a minimum of (3) months. This part of the agreement may be extended if both parties agree. Payment will be made on the 1st of each month prior.

4. Shinewide Shoes, LTD shall reimburse Representative for reasonable travel expenses which are pre-approved by Shinewide Shoes, LTD, but such approval shall not be unreasonably withheld.

Case 3:19-cv-10228-MAS-LHG Document 1-3 Filed 04/17/19 Page 8 of 17 PageID: 18
SOM-L -000044-18 02/18/2019 10:23:24 PM Pg 8 of 17 Trans ID: LCV2019301779

SOM-L-000044-18 01/11/2018 12:16:38 PM Pg 10 of 16 Trans ID: LCV201864466

5. For purposes hereof, net sales volume shall be defined as gross invoice sales, less returns, allowances or adjustments.

6. Shinewide Shoes, LTD, in its discretion, may decline or refuse to accept any order submitted due to the credit worthiness of the customer, product mix, or other terms of the order which Shinewide Shoes, LTD determines to be unacceptable. Representative shall keep himself apprised of Shinewide Shoes, LTD. order Terms and requirements, and Shinewide Shoes, LTD will advise Representative, as soon as practical, of any changes in the order terms and requirements.

7. The Agreement will remain in effect for so long as Shinewide Shoes, LTD or any related company to it continues to be a manufacturer and / or distributor of Footwear products, and ships to any. Shinewide Shoes, LTD. shall have the right to terminate this Agreement on thirty (30) day notice if Shinewide Shoes, LTD. reasonably determines that the Representative is not reasonably adequately servicing the customers listed on Schedule A. The Representative may terminate this Agreement on thirty (30) day notice for any reason or no reason at all.

8. Following termination of this agreement, the Representative shall continue to be paid commissions applicable on orders placed by customers contained in Schedule A in the manner provided in paragraph 2 above indefinitely.

9. This Agreement constitutes the entire understanding of the parties. Any changes to this agreement must be made in writing. This Agreement shall be interpreted and enforced under the laws of the State of New Jersey and the parties hereto irrevocably submit to the jurisdiction of any New Jersey State or United States Federal Court sitting in New Jersey with respect to any action or proceeding arising out of or relating to this Agreement. As an alternative method to personal service, the parties hereto consent to the service of any and all process in any such action or proceeding by the mailing of copies to them at their addresses specified above or to any new address of such party.

If the foregoing is accurate and reflects our understanding, please sign below.

Very truly yours,

Dan Wenemeyer

Case 3:19-cv-10228-MAS-LHG Document 1-3 Filed 04/17/19 Page 9 of 17 PageID: 19
SOM-L-000044-18 02/18/2019 10:23:24 PM Pg 9 of 17 Trans ID: LCV2019301779

SOM-L-000044-18 01/11/2018 12:16:38 PM Pg 11 of 16 Trans ID: LCV201864466

## SCHEDULE A

### Customer List

| RETAILERS | Brands |
|---|---|
| | LA GEAR |
| Costco | STARTER |
| Wal-Mart | PROPET |
| | RMP Sports (Canada) |
| Kmart | Steve Madden |
| | Journeys(Genesco) |
| | Roblin Canada |
| Payless | Keefe Group |
| JC Penney | |
| Target | |
| Sears | |
| Kohl's | |
| Famous Footwear | |
| Big 5 Sporting | |
| Rack Room | |
| Deichmann- (Buyer Sven) | |
| MEIJER | |
| **Importers** | |
| LJO | Mercury |
| Elan-Polo | S. Goldberg |
| ACI International | Fubu |
| BBC International | Vida Shoe |
| ESO | Faury Group. |
| Mercury | |
| S. Goldberg | |
| AAFES | |

Initial _____
Date _____

4

Case 3:19-cv-10228-MAS-LHG   Document 1-3   Filed 04/17/19   Page 10 of 17 PageID: 20
SOM-L-000044-18   02/18/2019 10:23:24 PM   Pg 10 of 17 Trans ID: LCV2019301779

SOM-L-000044-18   01/11/2018 12:16:38 PM   Pg 12 of 16 Trans ID: LCV201864466

2009年客户名单 （4-3更新）
（蓝绿色为08年客户，草绿色为09年客户）

| Column 1 | Notes | Column 2 | Notes |
|---|---|---|---|
| [illegible] | | [illegible] | |
| [illegible] | | [illegible] | |
| [illegible] | | [illegible] | |
| SKECHERS (直接单) | 4.2告知可能初6月订单 | [illegible] (郎和0) | |
| [illegible] | | [illegible] | |
| Reebok(印度韩面) | | [illegible] | |
| Reebok(英力) | | [illegible] | |
| ADIDAS | | [illegible] | |
| BBC | 4月8-10日再联系 | SERGIO TACHINNI-AG | |
| K-wiss | | [illegible] | |
| [illegible]Fila | | TESCO(国内单) ✓ | SIMON 24月去UK |
| VANS | 3月有报价 | TESCO韩国 ✓ | GIMONG 2名联系 |
| Saucony | | WOOLF/LIDO ✓ | |
| Allrounders | Hocrai的关系 | | |
| Dackers(Tsubo,Simple) | | | |
| Reebok(间接单) | | PENALTY ✓ | |
| Columbia | | [illegible] | |
| LOTTO(意大利) | | GOLA(SPORT) | |
| Hi Tec | | | |
| Puma | | Target | |
| Wilson | | Walmart | |
| Wolverine | | Costco | WRAP |
| Brown shoe | 叔(Loewln)(Longginsollie) | Payless | |
| ACI ✓ | | Rackroom ✓ | |
| Elan Polo | | JC Penny | |
| Medisco | | E-mart | Simon 介 |
| 英力Mercury (外团单) | | 杜社长 | |
| RIVAL瑞华 | 3月有报价 | SY/BS | |
| | | davy cox | |
| | | NEW CENTRURY | 4月将来访 |

Sports Sandal / Exp 5 Ann:

| Column 1 | Notes | Column 2 | Notes |
|---|---|---|---|
| DMB (SPALDING) ✓ | | DAVID EDGE | |
| TUVI ✓ | | NICK女鞋 | |
| PWH ✓ | | WEINI | |
| BEN/ERIC ✓ | | | |
| KARIN (BG) ✓ | | ROBERT(ASG) | |
| DANIEL (SPAIN) ✓ | | DANIEL (SPAIN) | |
| KAPPA ✓ | | JOHN SAUER | |
| BATA (南美) -BG ✓ | HYRA在联系 | ALEJANDRA BERRO(阿根廷) | Simon 介绍 |
| BATA-POWER (新加坡公司) ✓ | HYRA在联系 | JOHNNY NAN(DIESEL) | |
| BATA POWER (GZ公司) | | 陈先生 (JIM) | |
| INDIAN | DAVID的SANDAL | NEERAJ | |
| JOYLING (MICHAEL) | DAVID的SANDAL | 何腊春 (李宁) | |
| ASG (NEVADOS) | DAVID的SANDAL | BSG(土耳其) | 阿乐介绍 |
| EVAN | DAVID的SANDAL | RAYFU | 阿乐介绍 |
| MALI | DAVID的SANDAL | BILL CHEN | |
| EUNICE | DAVID的SANDAL | STEVE BROWN(港台) | 保持联系 |
| JAMES LEE | DAVID的SANDAL | 柏玉玺 | |
| VENICE | DAVID 口口话 | JOHN师 | |
| Diadora | DAVID 口口话 | | |

Case 3:19-cv-10228-MAS-LHG Document 1-3 Filed 04/17/19 Page 11 of 17 PageID: 21
SOM-L -000044-18 02/18/2019 10:23:24 PM Pg 11 of 17 Trans ID: LCV2019301779

SOM-L-000044-18 01/11/2018 12:16:38 PM Pg 13 of 16 Trans ID: LCV201864466

Acknowledged and agreed to
This _____ day of _____, 2009

Shinewide Shoes, LTD

By _____
Maureen Mou, General Manager

## SCHEDULE B

Territory Commissions

Representative will be paid as follows:

- 3% Commission on all Customers orders except The Keefe Group.
- 5% Commission on The Keefe Group orders only

Initial _____

Date _____

# EX. 2



December 13, 2017

Andrew M. Epstein
973-735-5766 (direct)
Andrew.epstein@wilsonelser.com

Via Email: Maureen@shinewide.com
Maureen Mou, General Manager
Shinewide Shoes Co. LTD

Via Email: jj.zhuang@shinewide.com
JJ. Zhuang
Shinewide Shoes Co. LTD

**Registered Mail**
Shinewide Shoes Co. LTD
4B1-BZ Tienxiang Bldg.
Tianan Cyber Park
Shenzhen City, China

Re: Sales Representative Agreement between Dan Werremeyer, Jr. and Shinewide Shoes Co. LTD. Claim Regarding Shipments to Wolverine Worldwide

Dear Representatives of Shinewide Shoes Co. LTD:

Please be advised that this office represents Dan Werremeyer, Jr. who under his agreement with your company has a claim for commissions regarding shipments made and to be made to Wolverine Worldwide.

Under the agreement, Mr. Werremeyer has a right to receive a 3% commission on shipments made by or on behalf of your company on account of sales made to Wolverine Worldwide.

My client has been informed that in 2016 and 2017 Wolverine Worldwide ordered 2,700,000 pairs of shoes from Shinewide, and that Shinewide shipped the product to Wolverine Worldwide without paying my client the monthly commissions to which my client was entitled. Assuming an average per pair selling price of $22.50, my client is presently entitled to a commission of $1,822,500.

On behalf of my client, demand is hereby made that Shinewide pay said $1,822,500 commission forthwith. Payment should be sent to my office with the check made payable to Wilson Elser, as attorneys for Dan Werremeyer, Jr.

Demand is further made that on an ongoing monthly basis Shinewide account to Mr. Werremeyer for all orders placed by Wolverine, for all shipments made by Shinewide to Wolverine, and for all payments made by Wolverine to Shinewide. Demand is further made that Shinewide pay a 3%

200 Campus Drive • Florham Park, NJ 07932 • p 973.624.0800 • f 973.624.0808
Carolyn F. O'Connor • Regional Managing Partner, New Jersey

Albany • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London
Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Tampa
Washington DC • West Palm Beach • White Plains

wilsonelser.com

2430228v.1

Case 3:19-cv-10228-MAS-LHG   Document 1-3   Filed 04/17/19   Page 14 of 17 PageID: 24
SOM-L -000044-18   02/18/2019 10:23:24 PM   Pg 14 of 17 Trans ID: LCV2019301779

SOM-L-000044-18   01/11/2018 12:16:38 PM   Pg 16 of 16 Trans ID: LCV201864466

**WILSON ELSER**

2

commission to my client, which commission shall be calculated on the basis of sales by Shinewide to Wolverine. Said commissions shall be paid on a monthly basis with payments due by no later than the 15th day following the last day of the month in which shipments were made.

It is my client's hope that Shinewide will perform as set forth above and honor its agreement with my client without the need for litigation.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Andrew M. Epstein

AME\wn
cc: Wolverine Widewide (Attention: James D. Zwiers, Corporate Counsel)
  9341 Courtland Drive, Rockford, MI 49351
  Mr. Daniel Werremeyer
  Gregg Kahn, Esq.

2430228v.1

Case 3:19-cv-10228-MAS-LHG   Document 1-3   Filed 04/17/19   Page 15 of 17 PageID: 25
SOM-L -000044-18   02/18/2019 10:23:24 PM   Pg 15 of 17 Trans ID: LCV2019301779

SOM-L-000044-18   01/11/2018 12:16:38 PM   Pg 1 of 1 Trans ID: LCV201864466

# Civil Case Information Statement

### Case Details: SOMERSET | Civil Part Docket# L-000044-18

Case Caption: WERREMEYER JR DAN VS SHINEWIDE SHOES, LTD
Case Initiation Date: 01/11/2018
Attorney Name: ANDREW M EPSTEIN
Firm Name: WILSON ELSER MOSKOWITZ ET AL LLP
Address: 200 CAMPUS DR
FLORHAM PARK NJ 079320668
Phone:
Name of Party: PLAINTIFF : Werremeyer Jr, Dan
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: CONTRACT/COMMERCIAL TRANSACTION
Document Type: Complaint
Jury Demand: NONE
Hurricane Sandy related? NO
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Business

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:
Plaintiff will be applying for an order for email, mail and substituted service upon defendant, a Chinese corporation. Mail service is permissible under the contract between the parties.

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? YES
    If yes, for what language:
    CHINESE, CANTONESE, UNKNOWN

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/11/2018
Dated

/s/ ANDREW M EPSTEIN
Signed

Case 3:19-cv-10228-MAS-LHG Document 1-3 Filed 04/17/19 Page 16 of 17 PageID: 26
SOM-L -000044-18 02/18/2019 10:23:24 PM Pg 16 of 17 Trans ID: LCV2019301779

SOM-L-000044-18 01/11/2018 12:16:38 PM Pg 2 of 16 Trans ID: LCV201864466

Appendix XII-B1

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for Initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

ATTORNEY / PRO SE NAME: Andrew M. Epstein
TELEPHONE NUMBER: 973-735-5768
COUNTY OF VENUE: Somerset

FIRM NAME: Wilson Elser Moskowitz Edelman & Dicker, LLP
DOCKET NUMBER (when available):

OFFICE ADDRESS: 200 Campus Drive, 4th Floor, Florham Park, NJ 07932
DOCUMENT TYPE: Complaint
JURY DEMAND: ☐ YES ☐ NO

NAME OF PARTY: Dan Wertenmeyer, Jr., Plaintiff
CAPTION: Dan Wertenmeyer, Jr. v. Simplewide Shoes, Ltd.

CASE TYPE NUMBER: 599
HURRICANE SANDY RELATED? ☐ YES ☒ NO
IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ☒ NO
IF YES, LIST DOCKET NUMBERS: n/a

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO
NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known): ☐ NONE ☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ NO
IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☒ BUSINESS ☐ OTHER (explain)

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

Plaintiff will be applying for an order for email, email has substituted service upon defendant, a Chinese company. Email service is permissible under the contract between the parties.

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED? ☒ YES ☐ NO  for Defendant
IF YES, FOR WHAT LANGUAGE? Chinese

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: /s/ Andrew Epstein

Effective 06/05/2017, CN 10517
page 1 of 2

Case 3:19-cv-10228-MAS-LHG   Document 1-3   Filed 04/17/19   Page 17 of 17 PageID: 27
SOM-L -000044-18   02/18/2019 10:23:24 PM   Pg 17 of 17 Trans ID: LCV2019301779

SOM-L-000044-18   01/11/2018 12:16:38 PM   Pg 3 of 16 Trans ID: LCV201864466

Side 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category    ☐ Putative Class Action    ☐ Title 59