**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAN WERREMEYER, JR.,<br><br>                    Plaintiff,<br><br>        v.<br><br>SHINEWIDE SHOES, LTD.,<br><br>                    Defendant. | Civil Action No. 19-10228 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendant Shinewide Shoes, LTD's ("Defendant") Appeal of Magistrate Judge Lois H. Goodman's December 11, 2020 Order. (ECF No. 43.) Defendant also requests certification for interlocutory appeal in the event that Judge Goodman's Order is affirmed. (*Id.*) Plaintiff Dan Werremeyer, Jr. ("Plaintiff") opposed (ECF No. 45), and Defendant replied (ECF No. 47). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Judge Goodman's Order is affirmed.

## I.    BACKGROUND[1]

      This dispute arises out of Plaintiff's attempts to effectuate service of process on Defendant, a Chinese company. In 2018, Plaintiff filed a breach of contract action against Defendant in the Superior Court of New Jersey. (*See* Compl., ECF No. 1-3.) The purported agreement between the parties contained New Jersey choice-of-law and forum-selection provisions, and also permitted

---

[1] The parties are familiar with the factual and procedural history of this matter and therefore the Court recites only those facts necessary to resolve the instant appeal.

service of process by mail. (*Id.* at *8.) Within a week of filing the complaint, Plaintiff moved for substitute service by mail and e-mail correspondence. (Def.'s Br. Supp. Mot. to Dismiss 8, ECF No. 3-1.) The Superior Court allowed substitute service and eventually entered a final judgment by default against Defendant for failing to respond. (*Id.* at 8–9.) Thereafter, Defendant moved to vacate the judgment. (*Id.* at 9.) On March 15, 2019, the Superior Court vacated the judgment but deemed Defendant served as of that date. (*Id.* at 10.)

On April 17, 2019, Defendant removed the matter to this Court and simultaneously moved to dismiss for insufficient service of process under the Hague Service Convention ("HSC"). (ECF Nos. 1, 3). The Court denied the motion but vacated the Superior Court's order that deemed Defendant served and required Plaintiff to serve Defendant. (*See* Aug. 21, 2019 Order, ECF No. 10.) Plaintiff then retained a processing company to serve Defendant in China and Hong Kong in accordance with the HSC. (*See* Sept. 24, 2019 Letter, ECF No. 15.) After advising the Court that the processing company was unable to effect service upon Defendant through China's Central Authority, Plaintiff moved for alternative service in March 2020. (Pl.'s Mot. for Alt. Service, ECF No. 21.) Following oral argument, Judge Goodman requested supplemental briefing on (1) whether the parties waived Hague service through their contract, and (2) whether alternative service was warranted due to the futility of Hague service. (*See* Alt. Service Oral Arg. Tr. 43:12-44:6.)

On December 11, 2020, Judge Goodman granted Plaintiff's motion for alternative service. (*See* Dec. 2020 Order 21, ECF No. 43.) In doing so, Judge Goodman did not reach the issue of waiver, but rather found that alternative service was warranted because Hague service would be futile. (*See id.* at 14.) Consequently, Judge Goodman permitted Plaintiff to serve Defendant by mail (1) to Defendant's address in China, and (2) on Defendant's U.S. counsel. (*Id.* at 21.)

On December 28, 2020, Defendant appealed Judge Goodman's Order. (ECF No. 43.) Plaintiff opposed on January 7, 2021 (*See* ECF No. 45), and Defendant replied on January 25, 2021 (*See* ECF No. 47).

## II.   **LEGAL STANDARD**

District Judges may assign a Magistrate Judge to "hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). Rule 72[2] distinguishes between Magistrate Judge Orders concerning dispositive and non-dispositive matters. When hearing a matter dispositive of a claim or defense, a Magistrate Judge must recommend a disposition to the District Judge and may submit findings of fact if appropriate. Fed. R. Civ. P. 72(b)(1). A District Judge reviews objections to a dispositive matter *de novo*. Fed. R. Civ. P. 72(b)(3). When a Magistrate Judge rules on a non-dispositive matter, that order is "entitled to great deference and is reversible only for abuse of discretion." *Frank v. City of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted). An abuse of discretion occurs when a "judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the [deciding] court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *3 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)). Accordingly, a district court will only reverse, modify, or vacate a Magistrate Judge's order if it is "clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a).

"A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

---

[2] "Rule" as used hereinafter is in reference to the Federal Rules of Civil Procedure, unless indicated otherwise.

has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A finding is not clearly erroneous merely because the reviewing court would have decided the case differently. *See Marks v. Stuble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (citation omitted). A decision is contrary to law only where the district court finds that the Magistrate Judge "misinterpreted or misapplied the law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The moving party bears the burden of demonstrating that the Magistrate Judge's decision was either clearly erroneous or contrary to law. *Marks*, 347 F. Supp. 2d at 149 (citation omitted).

## III.   DISCUSSION

### A.   Appeal of Judge Goodman's Order

#### 1.   Standard of Review

As a preliminary matter, Defendant asserts that Judge Goodman's Order should be reviewed *de novo* because "service of process determinations are dispositive [since] they go to the jurisdiction of the Court and are the bases for motions to dismiss under [Rule] 12(b)." (Def.'s Appeal Br. 3, ECF No. 43-1.) Plaintiff's underlying motion, however, sought alternative service of process under Rule 4(f)(3). (*See* Dec. 2020 Order 1.) Motions for alternative service are treated as non-dispositive matters. *See Vanderhoef v. China Auto Logistics Inc.*, 18-10174, 2019 WL 6337908, at *1–2 (D.N.J. Nov. 26, 2019) (treating motion for alternative service as non-dispositive); *See also Patrick's Rest. LLC v. Singh*, No. 18-764, 2019 WL 121250, at *1 (D. Minn. Jan. 7, 2019) ("Review of a [M]agistrate [J]udge's ruling on a nondispositive order, including an order for alternative service, is 'extremely deferential.'"). Thus, the Court will review Judge Goodman's Order under an abuse of discretion standard.

### 2.     Alternative Service

Judge Goodman permitted alternative service under Rule 4(f)(3). (Dec. 2020 Order 21.) Under Rule 4(f)(3), an individual "may be served at a place not within any judicial district of the United States[] by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. Pro. 4(f)(3). "Alternative service is regularly permitted where '(a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) [plaintiff has] made a good faith effort to locate and serve defendants by traditional means.'" *S.E.C. v. Vuuzle Media Corp.*, No. 21-1226, 2021 WL 1731947, at *1 (D.N.J. May 3, 2021) (alteration in original) (quoting *Vanderhoef*, 2019 WL 6337908, at *6). "The Court 'is afforded wide discretion when ordering service of process under Rule 4(f)(3).'" *Id.* (citations omitted).

While Judge Goodman permitted two methods of service, the Court need only address one: service on Defendant's U.S. Counsel.

### (a)     No International Agreement

Citing several supporting cases, Judge Goodman found that "even though China has rejected mail service, there is nothing in the HSC to prohibit alternative service on counsel." (Dec. 2020 Order 16–18 (collecting cases).) As one court noted, the plaintiff's "proposed method of alternative service on the Chin[ese] Defendants' U.S. counsel is not prohibited by international law, specifically the [HSC], of which the United States and China are both signatories." *Vanderhoef*, 2019 WL 6337908, at *3 (citation omitted). Defendant does not dispute that the HSC does not prohibit alternative service on counsel. Instead, Defendant acknowledges that Judge Goodman's "statement is technically true" and, without any support, states that "there is [] no reason the drafters would have included a provision in the HSC regarding service on U.S. counsel,

as the HSC governs service on foreign nations when documents must be transmitted abroad." (Def.'s Appeal Br. 5.) Without more, Defendant cannot persuasively claim that Judge Goodman's finding was contrary to law.

Defendant also claims, again without any support, that Judge Goodman incorrectly applied Rule 4(f) because that rule "envisions service 'at a place *not* within any judicial district of the United States'" and "serving U.S. counsel is service *within* a judicial district of the United States . . . ." (*Id.* (quoting Fed. R. Civ. P. 4(f)(3).) Defendant's argument is without merit. "[C]ourts have held that the 'proper construction' of Rule 4(f)(3) vis-à-vis a foreign defendant includes service via 'delivery to the defendant's attorney.'" *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chichuahua S.A.B. de C.V.*, 970 F.3d 1269, 1295 (10th Cir. 2010) (collecting cases, including *Marks Law Offices, LLC v. Mireskandari*, 704 F. App'x 171, 177 (3d Cir. 2017)).

Judge Goodman, therefore, correctly found that service on Defendant's U.S. counsel is not prohibited by the HSC.

### (b)      Due Process

"For alternative service to comport with due process requirements, the method of service must be 'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Vanderhoef*, 2019 WL 6337908, at *2 (quoting *Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). "Courts have consistently held that service pursuant to Rule 4(f)(3) is proper when effectuated on a foreign individual's U.S. counsel if there is regular contact between the two, regardless of whether they have been explicitly provided authority to do so." *Id.* (citations omitted).

Here, the record supports Judge Goodman's finding that "[b]ased on the litigation activity in this case, it is apparent that [Defendant] is in contact with its counsel, such that service upon

counsel would comport with due process." (Dec. 2020 Order 19.) As Judge Goodman noted, Defendant does not dispute that it "has had actual notice of the litigation since at least March 2019, when [Defendant] moved before the Superior Court of New Jersey to vacate the default judgment." (*Id.*) Since then, Defendant's U.S. counsel has participated in hearings and filed multiple submissions with this Court, including the instant appeal. (*See id.* at 5–7.) Courts have previously found that similar activity sufficed as regular contacts to meet due process requirements. *See, e.g., Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 4977944, at *5 (E.D. Pa. Dec. 7, 2010) (finding regular contacts where the defendants' U.S. counsel "submitted multiple briefs and/or other filings on behalf of the[] defendants"); *see Vanderhoef*, 2019 WL 6337908, at *4. Defendant acknowledges that Judge Goodman cited multiple cases to support her finding that similar activity sufficed as regular contacts. (*See* Def.'s Appeal Br. 6–7.) And instead of citing cases that reached a contrary result, Defendant unpersuasively argues that the cases cited by Judge Goodman are distinguishable. (*See id.*) The Court disagrees and, without more, cannot find that it was "left with a definite and firm conviction that a mistake has been committed." *Cooper Hosp./Univ. Med. Ctr.*, 183 F.R.D. at 127.

#### (c)    Plaintiff's Attempts at Traditional Service

"The third consideration is markedly flexible." *Vuuzle Media Corp.*, 2021 WL 1731947, at *2. Plaintiff is "not required to make a showing that service through ordinary channels would be futile . . . to be granted permission to effectuate service under Rule 4[(f)](3)." *Id.* (alteration in original) (citation omitted). To the contrary, "[c]ourts can grant Rule 4(f)(3) requests even where a plaintiff does not show that the other means are unduly burdensome or impossible." *Bravetti v. Liu*, No. 12-7492, 2013 WL 6501740, at *3 (D.N.J. Dec. 11, 2013). Nevertheless, "it is helpful to

7

plaintiff's case to show some measure of difficulty in effecting service by usual means." *Id.* (citation omitted).

Although not required to meet this element, Judge Goodman's finding of futility with respect to Hague service strengthens a finding that service on Defendant's U.S. counsel is warranted. Plaintiff retained a processing company that, in accordance with the HSC, sent documents to the Central Authority in mainland China and also Hong Kong. (Dec. 2020 Order 6.) The processing company reported that the Central Authorities confirmed receipt in September 2019. (*Id.*) As of December 2020, however, Plaintiff's attempts at serving Defendant in accordance with the HSC were unsuccessful. (*See id.* at 20–21.)

Despite Judge Goodman's request for supplemental briefing on whether Hague service would be futile, Defendant did not address the issue and, "instead, [Defendant stated] that regardless of futility, Rule 4(f)(3) simply does not allow service outside of what is required by the HSC." (Dec. 2020 Order 9 (citation omitted).) Defendant is incorrect as it relates to service through Defendant's U.S. counsel. "[T]he [HSC] does not apply because Plaintiff's proposed method of service does not require the transmittal of documents abroad." *Bravetti*, 2013 WL 6501740, at *3 (citation omitted). Moreover, as with the due process element, the Court is unpersuaded by Plaintiff's attempts to distinguish the cases cited by Judge Goodman in support of her finding that Hague service would be futile. Thus, Judge Goodman's Order supports a finding that Plaintiff made good faith efforts to serve Defendant in accordance with the HSC. And although not required, the Court agrees that Hague service would be futile.

8

Based on the foregoing, Defendant fails to meet its heavy burden of showing that Judge Goodman abused her discretion in permitting Plaintiff to serve Defendant through Defendant's U.S. counsel.[3]

**B.      Certification for Interlocutory Appeal**

Having affirmed Judge Goodman's Order, the Court next addresses Defendant's request for an interlocutory appeal.

Under Section 1292(b), a district court may certify an order for interlocutory appeal if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The burden is on the movant to demonstrate that all three requirements are met." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (citation omitted). "Certification, however, should only rarely be allowed as it deviates from the strong policy against piecemeal litigation." *Huber v. Howmedica Osteonics Corp.*, No. 07-2400, 2009 WL 2998160, at *2 (D.N.J. Mar. 10, 2009). A district court, therefore, should certify issues for interlocutory appeal only "sparingly" and in exceptional circumstances. *Cardona v. Gen. Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996). "Thus, even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Morgan v. Ford Motor. Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

Here, the Court need only address the second element because Defendant's failure to demonstrate the existence of a substantial ground for difference of opinion is fatal to its request

---

[3] As noted, having found that service on Defendant's U.S. counsel is proper, the Court declines to address Judge Goodman's alternative method of service: service by mail to Defendant's address in China pursuant to Article 15 of the HSC.

for an interlocutory appeal. "A substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard." *Juice Ent., LLC v. Live Nation Ent., Inc.*, 353 F. Supp. 3d 309, 313 (D.N.J. 2018) (citation omitted). "The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'" *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (citation omitted).

Defendant fails to identify any difference of opinion with respect to Judge Goodman's finding that service on Defendant's U.S. counsel is proper pursuant to Rule 4(f)(3). (*See* Def.'s Appeal Br. 8–10.) Instead, Defendant devotes its entire argument to the issue of waiver that Judge Goodman did not reach. (*See id.*) Even then, Defendant claims that substantial grounds for difference of opinion exists based on the decisions reached by the Superior Court, Judge Goodman, and this Court. (*Id.* at 9–10.) Defendant's argument is without merit. According to Defendant, the Superior Court found that parties may not contract around the HSC. (*See id.* at 10.) Neither Judge Goodman nor this Court, however, reached the issue of waiver. In addition, this Court has not considered, much less rendered a decision, on the issue of whether Plaintiff was required to serve Defendant in accordance with the HSC.[4] Finally, only Judge Goodman considered whether Plaintiff may serve Defendant through Defendant's U.S. counsel under Rule 4(f)(3). Defendant, therefore, fails to meet its heavy burden of showing exceptional circumstances that warrant an interlocutory appeal. The Court, accordingly, denies Defendant's request on this issue.

---

[4] As Judge Goodman noted, both parties claim that this Court "ordered [Plaintiff] to serve [Defendant] pursuant to the HSC, but neither party cites to where this was ordered, either in the Motion to Dismiss Order or the transcript from oral argument." (Dec. 2020 Order 5 n.2.)

IV.     **<u>CONCLUSION</u>**

For the reasons set forth above, Judge Goodman's Order is affirmed. In addition, Defendant's request for an interlocutory appeal is denied. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE