<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAN WERREMEYER, JR.,<br><br>           Plaintiff,<br><br>     v.<br><br>SHINEWIDE SHOES, LTD.,<br><br>           Defendant. | Civil Action No. 19-10228 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**<u>CASTNER, District Judge</u>**

This matter comes before the Court upon Plaintiff Dan Werremeyer, Jr.'s Motion for Default Judgment against Defendant Shinewide Shoes, Ltd., pursuant to Federal Rule of Civil Procedure ("Rule") 55(b).[1]  (ECF No. 74.)  Defendant filed no opposition papers.  The Court has carefully considered the submissions and decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Plaintiff's motion is **GRANTED**.

**I.     <u>BACKGROUND</u>**

   **A.     FACTUAL ALLEGATIONS**

Plaintiff alleges that on July 21, 2009, Plaintiff entered into an agreement with Defendant. (ECF No. 1-3 ¶ 2.)  The Agreement provided that "Plaintiff would contact identified customers,

---

[1]     Plaintiff moves for entry of default judgment by the Clerk under Rule 55(b)(1).  For the Clerk to enter default judgment, defendant must have "been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1).  Here, Defendant first appeared when it moved to dismiss the Complaint under Rule 12(b)(5).  (ECF No. 3.)  Thus, the Court considers Plaintiff's motion under Rule 55(b)(2).

one of which was [Wolverine Woldwide], on behalf of defendant," and "Defendant would pay plaintiff commissions of 3% based on shipments made by defendant to identified customers, including Wolverine." (*Id.* ¶¶ 1, 3; *see* Freireich Cert. Ex. A, ECF No. 74-4 at 2, 6.[2]) After the Agreement was entered, Defendant paid Plaintiff commissions on shipments that Defendant made to the customers that Plaintiff contacted, including Wolverine. (ECF No. 1-3 ¶ 4.) But in the fall of 2017, Plaintiff "learned that in 2016 and 2017 defendant had shipped, or was in the process of shipping, 2,700,000 pairs of shoes to Wolverine pursuant to orders Wolverine had placed with [Defendant]." (*Id.* ¶ 5.) Despite Plaintiff's demand, Defendant "failed and refused to pay plaintiff" the commission under the Agreement. (*Id.* ¶¶ 6-8.)

### B. PROCEDURAL HISTORY

On August 30, 2021, the Clerk entered default against Defendant. (ECF entry dated Aug. 30, 2021.) Shortly after, Defendant moved to vacate the entry of default. (ECF No. 56.) Following voluminous briefing and after hearing oral argument, the magistrate judge denied Defendant's motion. (ECF No. 65.) This Court affirmed. (ECF No. 72.) Plaintiff's motion for default judgment followed. (ECF No. 74.) Considering the several written opinions already issued in this case, the Court assumes the parties' familiarity with the rest of the procedural history.[3]

## II. LEGAL STANDARD

Under Rule 55(a), a plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a default

---

[2]   Plaintiff's motion brief cites the "Declaration of G. Martin Meyers, Esq.," although the certification is styled "Certification of Jay Freireich." (*See generally* ECF Nos. 74-1, 74-3.)

[3]   For detailed recitations of the procedural history, see the Court's opinions at ECF Nos. 50, 65, and 72.

has been entered, the plaintiff may then seek the entry of a default judgment — either by the clerk or the court itself — under Rule 55(b). Fed. R. Civ. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Because default judgments prevent the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Following an entry of default, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages." *DirecTV*, 2006 WL 680533, at *1 (citation omitted). Still, "[t]he Court need not accept the moving party's legal conclusions, because [e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (citation and internal quotation marks omitted).

In entering default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction, (2) the defendant was properly served, (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. T.J. LLC*, Civ. No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, Civ. No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015)). In addition, the court must evaluate three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*,

3

250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). If these factors weigh in favor of the moving party, the court may grant default judgment.

## III. DISCUSSION

### A. JURISDICTION AND SERVICE

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Est. of Ianuzzi through Carroll v. Torres*, Civ. No. 22-1269, 2022 WL 2093143, at *2 (D.N.J. June 10, 2022) (quoting *HICA Educ. Loan Corp. v. Surikov*, Civ. No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015)).[4]

#### 1. SUBJECT-MATTER JURISDICTION

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Here, Plaintiff is a citizen of New Jersey. (ECF No. 1-3 at 2.) Defendant is organized under the laws of China with its principal place of business in Shenzhen City, China; thus, Defendant is a citizen of

---

[4] The Court recognizes that Defendant challenged service of process under Rule 12(b)(5) but did not also challenge personal jurisdiction. (*See generally* ECF No. 3.) *See Avraham v. Golden*, Civ. No. 18-11795, 2020 WL 2214535, at *4 (D.N.J. May 7, 2020) ("A party who fails to raise personal jurisdiction as a defense in a Rule 12 motion waives the defense and cannot raise it in an answer or in a subsequent motion.") (citations omitted); *Cath. Mut. Relief Soc'y of Am. v. Acer Am. Corp.*, Civ. No. 22-2600, 2023 WL 3997977, at *6 (E.D. Pa. June 14, 2023) ("By filing a Rule 12 Motion bringing only a Rule 12(b)(5) objection for insufficient service of process and no other Rule 12(b)(2)-(5) objections, including personal jurisdiction, and stating its intent to challenge the accuracy of the factual allegations of the Complaint should the court deny its Motion, the Court finds Acer Taiwan created a reasonable expectation it would defend the suit on the merits after the service of process issue was resolved.").

China. (ECF No. 1 ¶ 15.)[5] The parties are therefore completely diverse from each other. *Hay Grp. Mgmt., Inc. v. Schneider*, 965 F.3d 244, 248 n.4 (3d Cir. 2020). Plaintiff demands $1,822,500, so the amount in controversy exceeds the $75,000 statutory threshold. (ECF No. 1-3 ¶¶ 6-7; ECF No. 1 ¶ 16.) As a result, the Court has subject-matter jurisdiction over this action.

### 2. PERSONAL JURISDICTION

There are several ways for a plaintiff to demonstrate personal jurisdiction, including waiver, consent, in-state service on an individual, general jurisdiction, and specific jurisdiction. *Est. of Ianuzzi*, 2022 WL 2093143, at *3; *see, e.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991) (regarding consent via a forum selection clause). To evaluate specific jurisdiction based on a contract, courts consider "the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Sovereign Consulting Inc. v. Cover Techs. Inc.*, Civ. No. 21-35, 2021 WL 2802219, at *4 (D.N.J. July 6, 2021) (quoting *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001)); *see Agri Exotic Trading, Inc. v. Umami Burger 57th St., LLC*, Civ. No. 23-799, 2023 WL 3614752, at *4 (D.N.J. May 24, 2023) ("The requisite contacts, however, may be supplied by the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties." (quoting *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992))).

---

[5] Although a "limited" company may be formed as a corporation or, alternatively, an entity whose status for diversity jurisdiction depends on the citizenship of its members, such as a limited partnership or limited liability company, *DeAngelis v. Gym Source USA, LLC*, Civ. No. 18-03480, 2018 WL 11452163, at *2 (D.N.J. Mar. 14, 2018) (citing *Star Ins. Co. v. Reginella Constr. Co. Ltd.*, 685 F. App'x 118, 120-21 (3d Cir. 2017)), the Court finds that Defendant is a citizen of China, as Defendant contended as much in its notice of removal, *see Williams v. Daiichi Sankyo, Inc.*, 13 F. Supp. 3d 426, 428 (D.N.J. 2014) (accepting "limited" company's contention of citizenship in notice of removal).

Here, the Complaint sheds no light on the location or character of the contract negotiations, but it does include allegations about the terms of the Agreement and the parties' course of dealings. (ECF No. 1-3 ¶¶ 3-4.) As to the terms, the Complaint alleges that "[t]he agreement would remain in effect for so long as defendant, or any affiliated company, remained a manufacturer and/or distributor of footwear products;" that "[t]he agreement was to be interpreted and enforced under New Jersey law;" and that "[t]he parties consented to New Jersey having jurisdiction 'with respect to any action or proceeding arising out of or relating to this agreement." (*Id.* ¶ 3; *see also id.* at 7-8.) Noted at the very top of the Agreement is Plaintiff's New Jersey address. (*Id.* at 7.) The Complaint also alleges that after entering into the Agreement in 2009, Defendant "performed thereunder and paid plaintiff commissions on shipments made by defendant to customers contacted by plaintiff for defendant, including but not limited to Wolverine." (*Id.* ¶ 4.)

The Third Circuit Court of Appeals as well as district courts in this Circuit have ruled that similar activity can suffice for exercising personal jurisdiction. *See, e.g.*, *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482-83 (3d Cir. 1993) (holding court had personal jurisdiction over breach-of-contract case where defendants had not physically entered forum but had sent at least twelve telexes into forum and initiated twenty telephone calls with plaintiffs in forum about contract negotiations); *Farino*, 960 F.2d at 1223 (finding sufficient minimum contact from length of loan agreement, expectation relationship would continue for years, and defendants' initiation of the relationship with knowledge they were dealing with Pennsylvania corporation); *Agri Exotic Trading*, 2023 WL 3614752, at *5 (finding personal jurisdiction where agreement and invoices indicated to defendants that they were dealing with forum-state entity, defendants were to send payments to plaintiff in forum state, and defendant sent partial payment to plaintiff's forum address); *Gold Line, Inc. v. Ourbus, Inc.*, Civ. No. 20-2015, 2022 WL 16554992, at *12-13 (M.D.

Pa. Oct. 31, 2022) (finding two-year contract for regular-basis performance, terms requiring at least some contacts with forum state, payment receipt in forum state, and defendants' communications to plaintiff's forum location favor personal jurisdiction).

Thus, the Court finds that Defendant "purposefully directed [its] activities" at New Jersey, that Plaintiff's breach-of-contract action "arise[s] out of or relate[s] to" these activities, and that the exercise of jurisdiction "comport[s] with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotation marks omitted).

### 3. SERVICE OF PROCESS

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Est. of Ianuzzi*, 2022 WL 2093143, at *3 (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011)). In this case, the Court has already ruled that Plaintiff properly served Defendant. (*See* ECF No. 65 at 3-4 ("Plaintiff has met its burden of establishing that service on [Defendant] has been effectuated."); ECF No. 72 (affirming denial of motion to vacate entry of default).)

### B. SUFFICIENCY OF PLAINTIFF'S CAUSE OF ACTION

To establish its breach-of-contract claim, Plaintiff must allege that (1) "the parties entered into a contract containing certain terms"; (2) "[Plaintiff] did what the contract required [Plaintiff] to do"; (3) "[Defendant] did not do what the contract required [Defendant] to do"; and (4) "[Defendant's] breach, or failure to do what the contract required, caused a loss to [Plaintiff]." *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)).

Plaintiff has pled each of these elements. The Complaint establishes *first*, the existence of a valid contract between Plaintiff and Defendant (ECF No. 1-3 ¶¶ 2-3); *second*, that Plaintiff

7

contacted Wolverine in accordance with the Agreement (*id.* ¶ 4); *third*, that Defendant breached the Agreement by failing to pay a commission owed to Plaintiff under the Agreement (*id.* ¶¶ 5-8); and *fourth*, that Plaintiff has suffered damages from Defendant's breach (*id.* ¶ 9).

### C. APPROPRIATENESS OF DEFAULT JUDGMENT

The Court next must assess (1) the potential prejudice suffered by Plaintiff if default judgment is not entered, (2) whether Defendant has a meritorious defense, and (3) Defendant's culpability. *Doug Brady*, 250 F.R.D. at 177 (citing *Sambrick*, 834 F.2d at 74).

Here, the first and third factors are satisfied for the same reasons that the Court previously found that vacating default would prejudice Plaintiff and that the entry of default was the result of Defendant's own culpable conduct. (ECF No. 72 at 4; *see also* ECF No. 65 at 3-4.) As to the second factor, the Court also previously found that because "Defendant does not refute Plaintiff's allegations that the parties performed under the contract from 2009 to 2016," and because "Defendant does not cite to any case law supporting the proposition that the contract needed to be signed where the parties' conduct suggests that they both intended to be bound by the contract," Defendant had not asserted a meritorious defense. (ECF No. 72 at 4.) Despite the Court granting Defendant "one final opportunity to demonstrate a meritorious defense" (*id.* at 5), Defendant submitted nothing to avail itself of this opportunity (*see* ECF Docket Sheet). Defendant has thus provided "no evidence or facts containing any information that could provide the basis for a meritorious defense."[6] *Est. of Ianuzzi*, 2022 WL 2093143, at *5 (quoting *Surikov*, 2015 WL 273656, at *3).

---

[6] Shortly after the Court affirmed the denial of Defendant's motion to vacate, defense counsel filed a motion to withdraw due to Defendant's failure to pay for legal services from December 2020 through November 2022 and Defendant's failure to communicate with defense counsel. (ECF No. 73.) On April 25, 2023, the Court granted defense counsel's motion and afforded Defendant thirty (30) days to retain new counsel so that Defendant could provide a

On balance, these factors warrant the entry of default judgment against Defendant.

### D.     DAMAGES

Plaintiff still must prove damages.  *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citation and internal quotation marks omitted)).  The Court need not accept allegations as to damages as true under Rule 55(b), *DirecTV*, 2006 WL 680533, at *1, and it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of its allegations if the Court finds evidentiary support to be lacking, *Thompson*, 2017 WL 3634096, at *1 (citing *Doe v. Simone*, Civ. No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013)).

For its proofs, Plaintiff submits a certification of Plaintiff's counsel, Jay J. Freireich, to which counsel attaches various documents in support of the motion.  (ECF No. 74-3.)  The only document that arguably substantiates Plaintiff's damages claim is Plaintiff's December 13, 2017 demand letter to Defendant that was sent by Plaintiff's previous counsel.  (ECF No. 74-4 at 7-9.) The Court finds that the demand letter is not sufficient evidence of the damages for which Defendant is liable.  Plaintiff must provide more for the Court, such as a certification by Plaintiff's representative with personal knowledge of the Agreement's terms, the calculation of the commission that Defendant owes Plaintiff, and any related supporting documents to substantiate the amount of damages in this case.

---

meritorious defense in accordance with the Court's February 28 Order.  (ECF No. 75.)  In the meantime, the Court held Plaintiff's Motion for Default Judgment in abeyance.  (*Id.*)  But the Court made clear that it would proceed to resolve Plaintiff's Motion if Defendant failed to retain new counsel within the time provided.  (*Id.*)  Defendant did not retain new counsel.  (*See generally* ECF Docket Sheet.)

The Court grants Plaintiff's motion, although judgment shall not issue until Plaintiff submits additional information as to the amount of damages at issue in this case

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown, Plaintiff's Motion for Default Judgment (ECF No. 74) is **GRANTED**. An appropriate Order follows.

Dated: September 28, 2023

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE