<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAN WERREMEYER, JR., <br><br> Plaintiff, <br><br> v. <br><br> SHINEWIDE SHOES, LTD., <br><br> Defendant. | Civil Action No. 19-10228 (GC) (JBD) <br><br> **MEMORANDUM ORDER & JUDGMENT** |

<u>**CASTNER, District Judge**</u>

On September 28, 2023, the Court granted Plaintiff Dan Werremeyer, Jr.'s Motion for Default Judgment against Defendant Shinewide Shoes, Ltd., but withheld judgment pending Plaintiff's submission of additional information as to the damages owed. (ECF Nos. 77, 78.) This matter comes before the Court upon Plaintiff's submission of supplemental papers including two affidavits of individuals with personal knowledge of the damages at issue. In the first affidavit, Wolverine Worldwide employee Daniel O'Neill swears that from January 1, 2016, to July 12, 2018, Wolverine paid Defendant $42,242,842. (ECF No. 79-1.) In the second affidavit, Plaintiff swears that, on that amount, Defendant owes Plaintiff a commission of three percent, or $1,267,285.26, under the parties' agreement. (ECF No. 79; *see also* ECF No. 74-4 at 2, 6.[1]) The Court is satisfied with Plaintiff's proof of his contract damages.

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Plaintiff also requests an award of prejudgment and post-judgment interest. (ECF Nos. 79, 79-2.)

The Court begins with the prejudgment interest calculation. A federal court sitting in diversity applies the forum state's law on prejudgment interest awards. *See Wintrust Specialty Fin. v. Pinnacle Com. Credit, Inc.*, Civ. No. 20-16589, 2023 WL 8664582, at *2 (D.N.J. Dec. 14, 2023) ("As an award of prejudgment interest is a procedural question of law and there is no federal law or rule governing the issue, . . . the law of the forum state in which this Court sits—New Jersey—applies here." (citing *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982))); *Fantastic Sams Franchise Corp. v. Weekes*, Civ. No. 21-17733, 2023 WL 2696595, at *8 (D.N.J. Mar. 29, 2023) ("[F]ederal courts in diversity cases should apply state law with respect to prejudgment interest.") (citation omitted). As this Court sits in diversity here, it will analyze New Jersey law.

Under New Jersey law, "the award of prejudgment interest on contract and equitable claims is based on equitable principles" and is within the trial court's discretion. *Wintrust Specialty*, 2023 WL 8664582, at *2 (quoting *Cnty. of Essex v. First Union Nat. Bank*, 891 A.2d 600, 608 (N.J. 2006)); *see Fantastic Sams*, 2023 WL 2696595, at *8 (noting that the prejudgment interest rate is also within the Court's discretion) (citations omitted). An interest award's purpose is "compensatory—to indemnify the plaintiff for the loss of what the monies due him would presumably have earned if payment had not been refused." *Wintrust Specialty*, 2023 WL 8664582, at *2 (quoting *Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am.*, 323 A.2d 495, 512 (N.J. 1974)); *see also Int'l Transp. Mgmt. Corp. v. Brooks Fitch Apparel Grp., LLC*, Civ. No. 11-1921, 2020 WL 5525510, at *3 (D.N.J. Sept. 14, 2020) (noting the same "basic consideration" for awarding interest) (citation omitted). "[A]bsent unusual circumstances, trial courts should refer to N.J. Court Rule 4:42-11(b) when determining the rate of prejudgment interest." *Devine v. Advanced*

*Computer Concepts Inc.*, Civ. No. 08-875, 2009 WL 78158, at *3 (D.N.J. Jan. 9, 2009) (citation omitted).

"Post-judgment interest in federal court," on the other hand, "is governed by 28 U.S.C. § 1961, even in matters arising under diversity jurisdiction." *USI Int'l Inc. v. Festo Didactic Inc.*, Civ. No. 15-8451, 2023 WL 3996360, at *4 (D.N.J. June 14, 2023) (citation omitted); *Condus v. Howard Sav. Bank*, 999 F. Supp. 594, 599 (D.N.J. 1998) ("Although state law provides for Plaintiffs' right to prejudgment interest, federal law, specifically 28 U.S.C. § 1961, provides for post-judgment interest.") (citation omitted).  "Post-judgment interest begins to run from the date of the entry of judgment and is computed daily until the judgment is paid in full." *USI Int'l*, 2023 WL 3996360, at *4 (citing *Dunn v. HOVIC*, 13 F.3d 58, 60 (3d Cir. 1993)).  "Section 1961(a) directs that the post-judgment interest rate be set as 'equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment.'" *Id.* (quoting *Ifergan v. Ovadia*, Civ. No. 20-1064, 2021 WL 9667969, at *2 n.3 (D.N.J. July 12, 2021)).  "Section 1961(b) further directs the Court to compute interest 'daily to the date of payment' and to 'compound [interest] annually.'" *Id.* (quoting *Int'l Transp.*, 2020 WL 5525510, at *5).

"[U]nder § 1961(a), an award must be granted pursuant to a 'money judgment' to trigger post-judgment interest"; to count as a money judgment, a judgment must include both "'an identification of the parties for and against whom judgment is being entered,'" and "'*a definite and certain designation of the amount* . . . owed.'" *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 175 (3d Cir. 2010) (citation omitted).

Here, the Court finds that prejudgment interest is necessary to compensate Plaintiff for the lost value and use of his contract damages.  The Court awards prejudgment interest measured

"from the date of the institution of the action" on January 11, 2018, N.J. Ct. R. 4:42-11(b) (ECF No. 1-3), through this Court's issuance of a judgment for "a definite and certain designation of the amount . . . owed," *Travelers*, 609 F.3d at 175. New Jersey's prejudgment annual interest rate for 2018 was 2.5%; for 2019, 3.5%; for 2020, 4.5%; for 2021, 3.5%; for 2022, 2.25%; for 2023, 2.25%. *See* N.J. Ct. R. 4:42-11 (publisher's note). Thus, Plaintiff's prejudgment interest award is $232,789.89, calculated as summarized in the following table.[2]

**Prejudgment Interest Accrued**

| Year | Rate (N.J. Ct. R. 4:42-11) | Judgment | Per Diem | Days | Interest Owed |
|---|---|---|---|---|---|
| 2018 | 2.50% | $ 1,267,285.26 | $ 86.80 | 354 | $ 30,727.33 |
| 2019 | 3.50% | $ 1,267,285.26 | $ 121.52 | 365 | $ 44,354.98 |
| 2020 | 4.50% | $ 1,267,285.26 | $ 155.81 | 366 | $ 57,027.84 |
| 2021 | 3.50% | $ 1,267,285.26 | $ 121.52 | 365 | $ 44,354.98 |
| 2022 | 2.25% | $ 1,267,285.26 | $ 78.12 | 365 | $ 28,513.92 |
| 2023 | 2.25% | $ 1,267,285.26 | $ 78.12 | 356 | $ 27,810.84 |
| | | | | | $ 232,789.89 |

In addition, Plaintiff is entitled to post-judgment interest on both the contract-damages and prejudgment-interest awards. *See USI Int'l*, 2023 WL 3996360, at *5 n.9 (awarding "post-judgment interest on the prejudgment interest beginning on the date of entry of the final judgment quantifying the amount of prejudgment interest owed" (citing *Amgen Inc. v. Hospira, Inc.*, 336 F. Supp. 3d 333, 366 (D. Del. 2018), *aff'd*, 944 F.3d 1327 (Fed. Cir. 2019)). Plaintiff's post-judgment interest will compound annually at the rate dictated by § 1961, starting from the date of this Memorandum Order until the date of payment.[3]

---

[2] The table figures were calculated using formulas in Microsoft Excel.

[3] Because post-judgment interest awards are mandatory under § 1961, *see Dunn v. HOVIC*, 13 F.3d 58, 60 (3d Cir. 1993), Plaintiff is entitled to the interest rate in effect on the date of this Memorandum Order & Judgment.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 22nd day of December 2023 **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. **JUDGMENT** is entered in favor of Plaintiff and against Defendant in the amount of $1,500,075.15, comprised of the following:

    a. $1,267,285.26 for contract damages;

    b. $232,789.89 for prejudgment interest; and

    c. Post-judgment interest under 28 U.S.C. § 1961 compounded annually, accruing from the date of this Memorandum Order & Judgment until the date of payment.

2. The Clerk's Office is directed to **CLOSE** this case.

>   *s/ Georgette Castner*
>   **GEORGETTE CASTNER**
>   **UNITED STATES DISTRICT JUDGE**

5